Filed 4/9/15  P. v. Elhammali CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B255149 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA072311) |
| v. | |
| JUSTIN T. ELHAMMALI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

Burt Pines, Judge.  Affirmed.

Maria Leftwich, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Defendant Justin Elhammali appeals from his sentence after the trial court found he had violated his probation by committing a new offense. Elhammali's counsel filed an opening brief asking this court independently to examine the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We have done so, we find no error, and we therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Elhammali's Burglary Conviction*

In October 2012 the People charged Elhammali with first degree residential burglary. On October 24, 2012, Elhammali reached a plea agreement with the People. The People amended their information to allege a second count for second degree burglary. Elhammali pleaded no contest to that charge. The court placed him on three years formal felony probation and ordered him to serve 180 days in the county jail and to obey all laws. The court dismissed, on the People's motion, the first degree burglary count.

In May 2013 the court issued a bench warrant after the probation department notified the court that Elhammali never had reported for probation supervision. In July Elhammali was arrested on the warrant. On August 29, 2013, Elhammali admitted a probation violation for failure to report. The court reinstated his probation, released him with time served, and ordered him to report to his probation officer.

### 2. *Elhammali's Arrest and Trial for Indecent Exposure*

In January 2014, Elhammali was arrested and charged with a violation of Penal Code section 314, subdivision 1, a misdemeanor. Based on the new arrest, the court revoked Elhammali's probation in his felony case. The court ordered that Elhammali's probation violation would be handled concurrently with his new misdemeanor.

Elhammali's case on the indecent exposure charge went to trial in February 2014. At trial, B. B. and L. H., two high school girls, testified that they had gone hiking at Point Dume in Malibu on January 15, 2014, around 4:00 p.m. After they had hiked for about 30 minutes, they encountered a man on the trail. The man was standing in the middle of the trail with his legs spread so the girls could not pass. The

2

man said, "Hey, girls." Then he said, "Do you want to see something? I have a surprise," or "I have something for you. It's a surprise." The man then unzipped his pants, took out his penis, and started to walk toward the girls. H. screamed and both girls started running in the other direction.

The girls found a park officer, Joel Nunn, and told him what had happened. (Nunn had heard what he thought was a scream and had started running in that direction.) The girls told Nunn that the man was wearing red plaid shorts. Nunn called for another officer, park ranger Joseph Grier, to come stay with the girls and take a statement. Nunn then went to look for the suspect. Nunn reached an area at the westernmost point of Point Dume that is supposed to be off-limits to hikers. However, Nunn testified, people often go there. Nunn found a group of about a dozen people. He gave them a description of the suspect. Nunn then saw a man wearing red plaid shorts sitting by himself on the side of the cliff. Nunn told the rest of the hikers to leave the area.

The man appeared to be pulling at something in front of him. (Nunn later testified he thought the man was pulling off fingerless gloves he had seen him wearing earlier on the trail.) Nunn told the man to stop and put his hands up. The man did not comply. Nunn raised his voice and gave the same instruction. Still, the man did not comply. Nunn drew his weapon, identified himself as a peace officer, and again ordered the man to stop and show his hands. The man still did not comply. Instead, he looked back toward Nunn and went on with what he was doing. Nunn again ordered the man to stop, put his hands up, and stand up. Finally, the man obeyed.

Nunn took photographs with his iPhone of the man and of items he had with him -- a hat, sunglasses, and fingerless gloves. Nunn went back to where the girls were and showed them the photographs. Nunn asked the girls if they recognized the person in the picture. Nunn told the girls if they did not recognize the man, that was fine; they should just say so. Both girls said yes, they recognized him: it was the man who had spoken to them on the trail and displayed his penis. Officers arrested the man,

3

defendant Elhammali.  Both girls also identified Elhammali at trial as the man who had exposed himself to them that day.

After deliberating for about an hour, the jurors told the trial court that they were unable to reach a unanimous verdict.  Most of the jurors said further deliberations would not help.  The court declared a mistrial.  The jurors reported that their vote had been seven for guilty and five for not guilty.

3.      *The Court's Order Finding Elhammali in Violation of Probation*

The trial court found -- based on all the evidence presented at trial -- that the People had proved by a preponderance of the evidence that Elhammali had violated his grant of felony probation by violating Penal Code section 314, subdivision 1. Accordingly, the court terminated Elhammali's probation and sentenced him to the midterm of two years for second degree burglary, to be served in the county jail. Elhammali filed a timely notice of appeal.

## DISCUSSION

Elhammali's counsel on appeal filed a brief asking the court independently to examine the entire record for any arguable issues under *Wende, supra,* 25 Cal.3d 436. Counsel wrote to Elhammali, advising him he could file a supplemental brief with the court.  On February 6, 2015, this court also sent a letter to Elhammali's last known address at the Los Angeles County Jail, notifying him that he could submit by brief or letter any contentions or argument he wished to make.  The letter was returned to the court as undeliverable.

To prove indecent exposure in violation of Penal Code section 314, subdivision 1, the People were required to establish that "1. [t]he defendant willfully exposed his genitals in the presence of another person or persons who might be offended or annoyed by the defendant's actions; and 2. [w]hen the defendant exposed himself, he acted lewdly by intending to direct public attention to his genitals for the purpose of sexually arousing or gratifying himself or another person, or sexually offending another person."  (CALCRIM 1160.)  Certainly, the testimony of the two girls, Officer Nunn, and state park ranger Grier was more than sufficient to prove, by

4

a preponderance of the evidence, that Elhammali had violated Penal Code section 314, subdivision 1. According to the girls, Elhammali blocked their path; said "Hey, girls. Do you want to see something? I have a surprise"; and then took his penis out of his pants as he walked toward them. By committing a new offense, Elhammali violated his felony probation. The trial court was correct in finding Elhammali in violation for failing to obey all laws, terminating his probation, and sentencing him.

## *DISPOSITION*

We have reviewed the entire record and find no arguable issues.  Accordingly, the judgment and sentence are affirmed.

## *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*


                                                            EGERTON, J.*

WE CONCUR:



        EDMON, P. J.



        KITCHING, J.

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.